UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

REBECCA L. MACKAY                                     PLAINTIFF

v.                 No. 4:18-CV-00428-JM-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions
not reserved to the Commissioner
of Social Security Administration                        DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I.**      **Introduction:**

Rebecca MacKay ("MacKay") applied for social security disability benefits with an alleged disability onset date of February 10, 2014. (R. at 93). The administrative law judge ("ALJ") held a hearing and denied her applications. (R. at

35). The Appeals Council denied review. (R. at 1). MacKay has requested judicial review.

For the reasons stated below, the Court recommends reversing and remanding the Commissioner's decision.

## II.    Discussion:

The ALJ found that MacKay had the severe impairments of degenerative disk disease, status-post partial laminectomy, and valvular heart disease. (R. at 29). The ALJ then found that MacKay's impairments left her with the residual functional capacity ("RFC") to perform the full range of light work. (R. at 15). The ALJ heard testimony from a vocational expert ("VE") and found that MacKay could return to her past relevant work as an artist, desk clerk, cashier clerk, and night auditor. (R. at 34–35). Thus, the ALJ held that MacKay was not disabled. (R. at 35).

MacKay argues that new evidence warrants reversal and that the ALJ failed to properly weigh the opinion of her treating physician regarding the nature and extent of her physical limitations. Because the Court agrees that the ALJ failed to properly weigh that evidence, it need not reach MacKay's other ground for reversal.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g).

MacKay argues that the ALJ failed to give appropriate weight to the opinion of her treating physician, Richard Peek, M.D., which would have placed her at a reduced range of sedentary work. (R. at 753–56). The ALJ gave little weight to the opinion because: (1) he found it was based, in part, on MacKay's subjective reports; (2) MacKay testified that Dr. Peek formed his opinion and completed the form stating those limitations during her first appointment with him; (3) Dr. Peek's notes suggested that 90% of her conditions could be treated conservatively; (4) Dr. Peek advised her to exercise every day; and (5) MacKay testified she could lift 25 pounds when Dr. Peek opined she could only occasionally lift 10 pounds. (R. at 34).

"Whether the ALJ gives great or small weight to the opinions of treating physicians, the ALJ must give good reasons for giving the opinions that weight." *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008). Opinions from non-examining sources are not generally considered substantial evidence to support an ALJ's decision. *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000).

While the ALJ gave reasons for giving Dr. Peek's opinion little weight, the record contradicts those conclusions by the ALJ, in important ways, and establishes errors in his assessment of Dr. Peek's opinion.

First, one of the reasons given by the ALJ for discrediting Dr. Peek's opinion was testimony from MacKay that Dr. Peek filled out the assessment form stating her

physical limitation during her first appointment with him. This simply is *not* borne out by the record. MacKay's testimony on the subject is as follows:

> Q But he's indicated on here that you can lift and carry less than ten pounds, and you can stand or walk less than two hours in an eight-hour workday. Do you remember meeting with him when this form was filled out?
>
> A That must have been in February, because that's some, that was something he said the first time I met him.
>
> Q All right. Well, it may be a two, but it sure doesn't, because his two's pretty much a two. [*Referring to the handwritten date on the opinion.*] Did he ask you how long you could sit and stand?
>
> A He asked me, but he pretty much said that he agreed that, that was, what I was saying, he, based on what he was seeing in the MRI, indicated that I was telling him the truth.
>
> Q All right. Well, did you, do you say this is the first time you ever met with him?
>
> A I believe it was in February, yeah, I think, in—
>
> Q 2015?
>
> A —'15. Yeah. I'm thinking so, but, you know, it's been awhile, and my dates are all messed up, too.

(R. at 85–86). The ALJ's questions were extremely unclear, which caused MacKay to provide answers that suggested Dr. Peek did *not* complete the assessment form during her first appointment with him. The ALJ failed to ask any follow up questions

4

to clarify her answers. However, she did make it clear that the physical limitations Dr. Peek imposed were based on his review of her MRI – not her subjective description of her limitations. Finally, according to the medical records, Dr. Peek's first examination of MacKay was on January 15, 2015, but his assessment form, giving his opinions of her limitations, is dated either April or September 23, 2015. (R. at 620, 756).

Another reason cited by the ALJ was Dr. Peek's note that "90% of this condition can be treated with conservative management." (R. at 622). Dr. Peek made that note after his first examination of MacKay in January of 2015. By June, Dr. Peek's medical notes reflect that MacKay's problems had worsened. (R. at 626). Dr. Peek further noted that conservative care had failed. (R. at 627). Specifically, he noted that exercise, physical therapy, medication, injections, and lifestyle modifications had all failed. (R. at 628). Moreover, MacKay had surgical intervention in the form of a minimally invasive laminotomy in July 2015. (R. at 641–42). Dr. Peek's initial opinion that conservative care might be sufficient did not pan out.

Additionally, while Dr. Peek recommended exercise, his recommendation could not realistically be read to indicate that he thought MacKay capable of performing such activity on a continuing basis. His specific direction was for MacKay "to do some type of exercise everyday either walk, bike, swim or similar

activity even if for a short period." (R. at 622, 624, 634, 638). The same notes warn that she should cease any activity that is painful. (R. at 622, 624, 634, 638). These notes are far from suggesting that MacKay could stand and/or walk for six hours per day. Such recommendations for exercise do not indicate that a claimant can perform such activities on a sustained basis. *Brosnahan v. Barnhart*, 336 F.3d 671, 678 (8th Cir. 2003).

The reasons the ALJ provided for discrediting Dr. Peek's opinion are insufficient. This left the ALJ to rely solely on the opinions of non-examining physicians to support the physical limitations contained in his RFC. Thus, the Court concludes that the ALJ's decision lacks the necessary medical support to sustain his determination of MacKay's RFC.

### III. **Conclusion:**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. After reviewing the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing, the Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as

6

adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales,*, 402 U.S. 389, 401 (1971).

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED with instructions to develop the record as necessary and to properly consider the opinion of MacKay's treating physician.

DATED this 12th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE